UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JESSIE HARRIS | CIVIL ACTION |
| VERSUS | No. 24-1129 |
| INLAND MARINE SERVICES, INC. | SECTION: "J"(2) |

## ORDER & REASONS

Before the Court are a *Motion to Transfer Venue* (**Rec. Doc. 20)** filed by Defendant Inland Marine Services, Inc. ("IMS"), Plaintiff Jessie Harris' opposition thereto (Rec. Doc. 21), and a reply (Rec. Doc. 22). IMS requests this Court to transfer this matter to the U.S. District Court of the Western District of Kentucky Paducah Division pursuant to 28 U.S.C. § 1404(A) and the Venue Selection Agreement. Having considered the motion, the legal memoranda, the record, and the applicable law, the Court finds that the motion should be **GRANTED**.

## FACTS AND PROCEDURAL BACKGROUND

This is a straightforward Jones Act seamen's personal injury case. Harris, an Alabama resident, was employed by IMS as a Jones Act seaman aboard the M/V Chippawa (the "vessel"), also owned and operated by IMS.

As part of his employment application, Harris executed a Venue Selection Agreement–Line Haul Employees ("Venue Selection Agreement" or "Agreement"), providing that Harris and IMS agreed to a forum selection clause, designating the forum to be either the U.S. District Court for the Eastern District of Kentucky,

Covington Division or the U.S. District Court for the Western District of Kentucky, Paducah Division. The forum selection clause is as follows:

> Agreed Upon Venue & Process. In consideration for Inland Marine Services, Inc. ("IMS") considering a prospective employee's application and conditionally offering employment, payment of wages and benefits, and the payment of maintenance, cure, and advances against lost wages should a work-related personal injury occur and IMS determines it should make such payments, IMS and the undersigned agree that any legal action seeking relief for a covered dispute as defined in Section 2, below, must be filed in either: a) the United States District Court for the Eastern District of Kentucky, Covington Division or b) the United States District Court for the Western District of Kentucky, Paducah Division.

(Rec. Doc. 20-2). The Agreement provided that it "shall cover all matters directly or indirectly related to . . . personal injury claims (including, but not limited to, claims for Jones Act negligence, unseaworthiness, maintenance and cure, and/or general maritime negligence) against IMS . . ." *Id.*

During his employment, Harris was allegedly injured when he was moving heavy and wet lines between the vessel and barges while docked in St. Rose, Louisiana. In May 2024, Plaintiff filed suit in this Court under the Jones Act, 46 U.S.C. § 30104 and general maritime law. In November 2024, IMS submitted the instant motion to the Court, requesting transfer of this matter to the U.S. District Court of the Western District of Kentucky, Paducah Division pursuant to 28 U.S.C. § 1404(a) and the parties' Venue Selection Agreement. (Rec. Doc. 20-1, at 1).

In support, IMS argues, in sum, the forum selection clause within the Agreement is enforceable because (1) Harris voluntarily consented to it and was not obtained by fraud or overreaching, *id* at 3–4; (2) the forum selection clause does not cause a grave inconvenience or unfairness to Harris, *id*. at 4–5; (3) Harris will not be

denied a remedy by transferring venues because federal maritime law is uniform across the nation, *id.* at 5; and (4) the forum selection clause does not contravene public policy, *id.*

Recognizing the presumption that forum selection clauses are enforceable under general maritime law, Harris argues the Venue Selection Agreement is unenforceable because (1) this case does not have an international flavor, (Rec. Doc. 21, at 2); (2) forum selection clauses should not be enforceable against Jones Act seamen in cases brought under the Jones Act, *id.* at 2–3; (3) the clause is not part of an employment contract, *id*; and (4) the forum selection clause is unreasonable because it is a product of fraud and overreaching and contravenes a strong public policy of the federal government and of Louisiana, *id*. at 3–6. Moreover, Harris argues even if the Court finds the clause enforceable, Harris "avers that the factors of convenience and deference for Plaintiff's chosen forum should preclude the transfer" per 28 U.S.C. § 1404(a). *Id.* at 6.

## **LEGAL STANDARD**

The proper procedure for enforcing a forum selection clause that points to a particular federal district is a motion to transfer venue pursuant to 28 U.S.C. § 1404(a). Section 1404(a) states that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). The moving party has the burden of showing "good cause" for a transfer by clearly demonstrating that a transfer

3

is "[f]or the convenience of parties and witnesses, in the interest of justice." *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (quoting 28 U.S.C. § 1404(a)). Thus, if the transferee venue is not clearly more convenient than the venue chosen by the plaintiff, the plaintiff's choice should be respected. *Id.* However, the presence of an enforceable and mandatory forum selection clause requires the court to adjust its § 1404(a) analysis.

Forum selection clauses are presumed enforceable under the general maritime law. *M/S Bremen v. Zapata Offshore*, 407 U.S. 1 (1972). Thus, the party challenging the clause must make a "strong showing" that the clause is unreasonable to overcome the presumption of enforceability. *M/S Bremen*, 407 U.S. at 15. A forum selection clause may be unreasonable where:

> (1) the incorporation of the forum selection clause into the agreement was the product of fraud or overreaching;
>
> (2) the party seeking to escape enforcement 'will for all practical purposes be deprived of his day in court' because of the grave inconvenience or unfairness of the selected forum;
>
> (3) the fundamental unfairness of the chosen law will deprive the plaintiff of a remedy; or
>
> (4) enforcement of the forum selection clause would contravene a strong public policy of the forum state.

*Haynsworth v. The Corporation*, 121 F.3d 956, 963 (5th Cir. 1997) (citations omitted).

If the challenging party cannot make a "strong showing," an enforceable and mandatory forum selection clause adjusts the court's usual § 1404(a) analysis in three ways. *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Tex.*, 134 S. Ct. 568, 581 (2013). "First, the plaintiff's choice of forum merits no weight." *Id.* "Rather, as the party defying the forum-selection clause, the plaintiff bears the burden of

4

establishing that transfer to the forum for which the parties bargained is unwarranted." *Id.* Second, the court should not consider the parties' private interests; it may consider only public interests. *Id.* at 582. "When parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation." *Id.* Therefore, the court must "deem the private-interest factors to weigh entirely in favor of the preselected forum." *Id.* Third, a transfer of venue premised on enforcement of a valid forum selection clause "will not carry with it the original venue's choice-of-law rules—a factor that in some circumstances may affect public-interest considerations." *Id.*

In *Atlantic Marine*, the United States Supreme Court adjusted the typical § 1404(a) analysis because "a valid forum-selection clause [should be] given controlling weight in all but the most exceptional cases." *Id.* at 581 (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 33 (1988) (Kennedy, J., concurring)). The party who is acting in violation of the forum selection clause bears the burden of showing that the public interest factors "overwhelmingly disfavor a transfer." *Id.* at 583. Because the public interest factors will rarely defeat a transfer motion, "the practical result is that forum-selection clauses should control except in unusual cases." *Id.* at 582. In sum, when a defendant files such a motion, "a district court should transfer the case unless extraordinary circumstances unrelated to the convenience of the parties clearly disfavor a transfer." *Id.* at 575.

5

**DISCUSSION**

The Court first addresses Harris' argument that forum selection clause should not be enforced against Jones Act seamen because it "is the law under FELA, and it should follow under the Jones Act." (Rec. Doc. 21, at 3). Harris reasons that "[w]hile there are some cases declining to hold such, they all deal with an employment *contract* of a Jones Act seaman. But the clause in this case is not part of an employment contract." *Id.* (emphasis in original).

Regarding Harris' argument that the Agreement is not an employment contract, the Court looks to the full language of paragraph 1 of the Agreement, which provides that IMS conditionally offered employment. Specifically, the Agreement provides "[i]n consideration for [IMS] considering a prospective employee's application and *conditionally offering employment payment of wages and benefits . . .*" (Rec. Doc. 20-2, at 1) (emphasis added). IMS conditionally offered employment; therefore, the Court finds that the Agreement is an employment contract. Furthermore, Harris contends that the Agreement "specifically states that there is no contractual employment relationship between the parties" because paragraph 4 provides as follows:

> This Agreement does not create a contract of employment for a definite time and does not in any way alter any party's right to end an employment relationship at any time for any lawful reason or no reason.

(Rec. Doc. 21, at 3). The Court reads this provision in conjunction with paragraph 1 of the Agreement in which IMS conditionally offered employment. After doing so, the Court finds that paragraph 4 emphasizes that the employment relationship is not for

6

a term. The second half of the provision– "does not in any way alter any party's rights to end an employment relationship at any time for any lawful reason or no reason"– would be unnecessary and irrelevant if, in fact, there was no employment contract/relationship to end. Therefore, the Court finds that the Agreement is an employment contract between IMS and Harris.

Regarding Harris' argument that forum selection clauses should not be enforceable against Jones Act seamen, the Court finds this argument without merit. The Fifth Circuit, this Court and numerous other district courts have rejected this argument that forum-selection clauses are unenforceable in Jones Act cases because of FELA's prohibition of forum selection clauses. *See Terrebonne v. K-Sea Transp. Corp.*, 477 F. 3d 271, 281 (5th Cir. 2007) (holding that FELA's venue provision and accompanying case law prohibiting forum-selection clauses did not apply to the Jones Act); *Matthews v. Tidewater Crewing, Ltd.*, 2023 WL 11816253 (E.D. La. 2023) (J. Vitter) (finding forum selection clauses enforceable against Jones Act seamen, and rejecting argument that the Jones Act incorporates the text and common law of FELA's bar on forum selection clauses); *Brister v. ACBL River Operations LLC*, 2018 WL 746390, at *3 (E.D. La. 2018) (J. Morgan); *Skoglund v. Procurement Services (Delaware) Inc.*, 2018 WL 6104907 (E.D. La. 2018) (J. Lemelle); *Riley v. Trident Seafoods Corp.*, 201 WL 245074, *3–4 (D. Minn. 2012) ("[T]he 2008 amendment was intended to make clear that venue under the Jones Act is to be treated in accordance with 28 U.S.C. § 1391(c), as courts have been treating Jones Act venue since *Pure Oil* 2."); *Utoafili v. Trident Seafoods Corp.*, 2009 WL 6465288 (N.D. Cal. 2009) (finding

7

the 2008 amendment of the Jones Act, that deleted the Jones Act's venue provision, did not incorporate FELA's prohibition of forum selection clauses); *Matter of Marquette Transp. Co. Gulf-Inland LLC*, 2018 WL 4443141, at *4 (S.D. Tex. 2018).

Finding the forum selection clause enforceable against Jones Act seamen, the Court starts with the presumption that the Venue Selection Agreement is valid. The Court also finds the forum selection mandatory because of the non-permissive language of paragraph 1 that a suit "must be filed in" the agreed upon forums. (Rec. Doc. 20-2). Thus, Harris, the challenging party, must make a "strong showing" that the Agreement is unreasonable. To do so, Harris relies on the first and fourth reasonableness exceptions.

Turning now to the first reasonableness exception of fraud or overreaching, the Fifth Circuit has held "Fraud and overreaching must be specific to a forum selection clause in order to invalidate it." *Haynsworth v. The Corporation*, 121 F.3d 956, 963 (5th Cir. 1997). Claims of fraud and overreaching to the whole contract are insufficient. *Id.* Claims of fraud and overreaching must be aimed straight at the forum selection clause in order to succeed. *Id.* Here, Harris first alleges that the clause is not part of an employment contract, which the Court already disagreed with. (Rec. Doc. 21, at 4). Harris then argues, without citation to any authority, the following:

> The document signed by Harris was part of numerous other documents he signed when applying to work for IMS. The document forces him to agree to file any suits against IMS in a forum with which Plaintiff has no relationship. Moreover, this clause to only file suit in Kentucky is linked to IMS's considering whether to pay 'maintenance, cure, and advances against lost wages should a work-related personal-injury

8

> occur.' This intimates to an unsophisticated deckhand like Harris that these payments are something other than what they really are, i.e., the legally required minimum a Jones Act employer must provide to its injured workers.

*Id.* The Court finds no merit in this argument of unequal bargaining power of the parties to invalidate the Venue Selection Clause. *See M/S Bremen v. Zapata Off-Shore*, 407 U.S. 1 (1972); *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585 (1991); *Marinechance Shipping Ltd. v. Sebastian*, 143 F.3d 216 (5th Cir. 1998). Moreover, the Court finds that Harris' claims of fraud and overreaching are directed to the Agreement as a whole, rather than aimed specifically at the forum selection clause.

Regarding the argument that the clause contravenes a strong public policy, the Court finds that Harris has not met his burden of a "strong showing." Harris argues that "[t]he clause is against the strong public policy of protecting Jones Act seamen," as Jones Act seamen are wards of the Court. (Rec. Doc. 21, at 5). Harris goes on to contend that "[t]o allow IMS to dictate the forum and courts in which Plaintiff can bring his suit for damages related to an injury he suffered while in the employ[ment] of IMS is a prime example of the type of action from which seamen should be protected." *Id.* Harris cites to no case law in support and as already discussed above, fails to acknowledge that the Fifth Circuit, this Court and other district courts routinely holds that forum selection clauses apply in Jones Act seamen cases. This Court likewise finds no merit in Harris' argument.

In the alternative, Harris argues the Agreement contravenes Louisiana's public policy. (Rec. Doc. 21, at 5). Louisiana Revised Statue § 23:921(A)(2) provides:

> The provisions of every employment contract or agreement, or provisions thereof, by which any foreign or domestic employer . . .

9

>includes a choice of forum clause or choice of law clause in an employee's contract of employment or collective bargaining agreement, or attempts to enforce either a choice of forum clause or choice of law clause in any civil or administrative action involving an employee, shall be null and void except where the choice of forum clause or choice of law clause is expressly, knowingly, and voluntarily agreed to and ratified by the employee after the occurrence of the incident which is the subject of the civil or administrative action.

La. Stat. Ann. § 23:921(A)(2).

The Louisiana Supreme Court in *Sawicki v. K/S Stravernger Prince*, 2001-0528 (La. 12/7/01), 802 So. 2d 598, 603, explained that Louisiana Revised § 23:921(A)(2) "is an expression of strong Louisiana public policy concerning forum selection clauses." It held that forum-selection clauses in maritime employment contracts could not be enforced in Louisiana state courts pursuant to *M/S Bremen*. *Id*. In *Sawicki*, a Polish seaman brought suit under the Jones Act in Louisiana state court against his employer. *Id*. at 600. The plaintiff was injured onboard the vessel while at sea off the coast of Texas and received medical treatment in New Orleans. *Id*. The Defendant moved to dismiss the plaintiff's action pursuant to a forum selection clause contained within the plaintiff's employment contract. *Id*. at 601. The Louisiana Supreme Court held that Louisiana's strong public policy against forum-selection clauses prohibited the enforcement of the forum selection clause in the plaintiff's employment contract or collective bargaining agreement. *Id*. at 606.

In *Matthews v. Tidewater, Inc.*, 108 F. 4th 361 (5th Cir. 2024), the Fifth Circuit addressed the interplay between Louisiana public and federal public policy regarding the enforceability of forum selection clauses in maritime employment contracts. In *Matthews*, a Jones Act seaman, who became a Florida resident after obtaining U.S.

permanent residency, filed a personal injury claim. *Id.* at 365. The defendants sought dismissal on *forum non conveniens* grounds, citing a forum selection clause in the plaintiff's employment contract requiring disputes to be heard in London. *Id.* In response, the plaintiff relied on the fourth reasonableness exception, arguing the forum selection clause was unenforceable because it contravened Louisiana public policy. *Id.* at 368. After examining whether a forum-selection clause can be enforced despite conflicting with Louisiana's strong public policy, the Fifth Circuit expressed concerned that prioritizing Louisiana's policy over federal policy, could introduce inconsistency and unpredictability, undermining the stability that general maritime law seeks to preserve. *Id.* at 370 ("Louisiana public policy conflicts with and frustrates the federal public policy's presumption of validity and arguably perpetuates the uncertainties *Bremen* warns against."). The Fifth Circuit concluded that even if Louisiana's public policy were considered relevant under *Bremen*, its application in *Matthews* did not outweigh the federal presumption favoring enforceability of forum selection clauses. *Id.* Therefore, this Court, like the Fifth Circuit, find that Louisiana's public policy against forum selection clauses cannot outweigh the federal presumption favoring enforceability of Harris' Agreement.

Since Harris, as the challenging party, did not make a "strong showing" that the Agreement was unenforceable, the Court turns to its adjusted § 1404(a) analysis.

Harris' choice of forum in this Court merits no weight in its analysis. Harris bears the burden of establishing that transfer to the Kentucky is unwarranted because Harris defied the parties' forum-selection clause. The Court need not

11

consider the parties' private interests, but only the public interests. Since the parties agreed to the forum selection clause, Harris waived the right to challenge the Kentucky forum as inconvenient or less convenient for himself and his witnesses.

Harris argues that factors of convenience and deference for Harris' chosen forum should be preclude transfer of venues pursuant to 28 U.S.C. § 1404(a). (Rec. Doc. 21, at 6). Specifically, Plaintiff argues that this Court was chosen given the Court's "fast moving docket and its extensive knowledge and experience with maritime matters;" the only connection to Kentucky is that IMS is headquartered in the state; Louisiana has more connection because Harris' injury occurred in New Orleans area, and Harris' medical treatment occurred in either New Orleans or Georgia; the fact witnesses, who are former IMS employees, live in various states and need to travel for their depositions; Plaintiff needs to travel to New Orleans to meet with experts and participate in his deposition and the trial; and that Plaintiff's would only need to commute six hours to this Court, instead of "almost eight" hours to Kentucky. (Rec. Doc. 21, at 7–8).

The Court finds that Harris's argument has no merit. Harris relied only on private interest factors, whereas *Atlantic Marine* placed the burden on Harris to show that the public interest factors "overwhelmingly disfavor a transfer*." Atl. Marine Const. Co.*, 134 S. Ct. at 583. Additionally, the Court finds no extraordinary circumstances unrelated to the convenience of the parties that disfavor a transfer. Harris is a not a Louisiana citizen, but a citizen of Alabama. IMS is not domiciled in Louisiana. Evidence can be easily transferred to Kentucky. Witness testimony can

now be obtained by video conferencing. The Agreement selected a forum that is an adept maritime court and will be familiar with the applicable law governing this case.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that the motion is **GRANTED** and this matter is **TRANSFERRED** to the U.S. District Court for the Western District of Kentucky, Paducah Division.

New Orleans, Louisiana, this 16th day of December, 2024.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE